IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 19 2010

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-00608-BNB

STEVEN P. KEARNS, #129893,

      Applicant,

v.

ARI ZAVARAS, Colo. Dept. of Corrections, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

## ORDER OF DISMISSAL

---

      Applicant, Steven P. Kearns, is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Community Corrections Center in Colorado Springs, Colorado. Mr. Kearns initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in Case No. 04-CR-5400 in the El Paso County District Court of Colorado. He has been granted leave to proceed *in forma pauperis*.

      In an order entered on April 1, 2010, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). Respondents submitted a Pre-Answer Response on April 20, 2010. Mr. Kearns filed a Reply on April 20, 2010, and a second Reply on April 30, 2010.

The Court must construe liberally the Application filed by Mr. Kearns because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

On December 1, 2005, Mr. Kearns pled guilty to second degree kidnapping. Pre-Answer Resp. Ex. A at p. 10 (State Register of Actions). On January 30, 2006, the trial court sentenced Mr. Kearns to ten years in the DOC. *Id.* at 11. Mr. Kearns did not file a direct appeal.

On May 26, 2006, Mr. Kearns filed a *pro se* motion for reconsideration of sentence pursuant to Colorado Rule of Criminal Procedure 35(b). *Id.* at 11. On June 6, 2006, the trial court issued an order deferring its ruling on the motion until November 15, 2006. *Id.* However, the trial court did not rule on the motion on November 15, 2006, and there were no filings in Mr. Kearns' criminal case until June 6, 2008, when Mr. Kearns filed a motion for a hearing on the Rule 35(b) motion. *Id.* The trial court found that it lacked jurisdiction to rule on the 35(b) motion, and denied the motion for a hearing on August 20, 2008. *Id.* Mr. Kearns did not file an appeal.

Mr. Kearns then filed the instant action, which was received by the Court on March 10, 2010. In the Application, Mr. Kearns asserts one claim.

Respondents argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). Section 2244(d) provides as follows:

2

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine when the judgment of conviction in Mr. Kearns' criminal case became final. The final sentence in Mr. Kearns' case entered on January 30, 2006. Pre-Answer Resp. at Ex. A, p. 11. Because Mr. Kearns did not file a direct appeal, the Court therefore finds that his conviction became final on March 16, 2006, forty-five days after

3

he was sentenced. *See* Colo. App. R. 4(b); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). As such, the one-year statute of limitations began to run on March 17, 2006, the next business day after the conclusion of the time to appeal. *See, e.g., Locke*, 237 F.3d at 1273.

The Court must next determine whether any of Mr. Kearns' state court post-conviction motions tolled the one-year limitation period. Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending. An application for post-conviction review is properly filed with the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). The requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a postconviction motion is pending is a matter of federal law. *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the

petitioner could have sought an appeal under state law." *Gibson*, 232 F.3d at 804.

There were no pending motions in Mr. Kearns' state court action between March 17, 2006, and May 25, 2006. *See* Pre-Answer Resp. at Ex. A, p. 11. These **70 days** are credited against the one-year statute of limitations. Mr. Kearns filed a Rule 35(b) motion on May 26, 2006. Pre-Answer Resp. Ex. A at p. 11. The trial court did not rule on Mr. Kearns' Rule 35(b) motion. Respondents argue that Mr. Kearns abandoned the Rule 35(b) motion, and the motion should not toll the statute of limitations. Pre-Answer Resp. at 5-6. Relying on *Herr v. People*, 198 P.3d 108, 112 (Colo. 2008) (citing *People v. Fuqua*, 764 P.2d 56, 58 (Colo. 1988), Respondents argue that Mr. Kearns bears the burden of undertaking reasonable efforts to secure a ruling on his motion for pretrial confinement credit. *Id.* Respondents conclude that Mr. Kearns abandoned his motion for pretrial confinement credit because the trial court failed to rule on his motion within the time allowed for a Rule 35(b) review. *Id.*

Nonetheless, the Court finds that it need not consider whether Mr. Kearns' Rule 35(b) motion, which was never ruled on by the state court, was abandoned. That is, Mr. Kearns requested a hearing on his Rule 35(b) motion on June 6, 2008, and the trial court denied the motion for a hearing on August 20, 2008, finding that it no longer had jurisdiction to consider his Rule 35(b) motion. Pre-Answer Resp. at Ex. A, p. 11. Mr. Kearns then had 45 days, or until October 6, 2008[1], to appeal the trial court's ruling to the CCA. Mr. Kearns did not file an appeal. There is no evidence that Mr. Kearns took action in any court until **519** days later, when he filed the instant Application in this

---

[1]The forty-fifth day after August 20, 2008, was October 4, 2008. However, October 4, 2008, was a Saturday. Therefore, the filing deadline extended until October 6, 2008. *See* C.A.R. 26(a).

Court on March 10, 2010. As such, even if the Court does not consider the time when Mr. Kearns' Rule 35(b) motion was pending in state court without any actions being taken by him, the Court nonetheless finds that Mr. Kearns has filed his application outside of the one-year AEDPA limitation period. Therefore, the instant action is time-barred in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling may be appropriate if (1) the inmate is actually innocent; (2) an adversary's conduct or other uncontrollable circumstances prevents the inmate from timely filing; or (3) the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson*, 232 F.3d at 808. Simple excusable neglect, however, is not sufficient to support equitable tolling. *See id*. Furthermore, equitable tolling is appropriate only if the inmate pursues his claims diligently. *See Miller*, 141 F.3d at 978. Finally, Mr. Kearns bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.* at 977.

Mr. Kearns fails to assert any basis for equitable tolling. Therefore, under 28 U.S.C. § 2244(d), he is time-barred from filing a federal habeas corpus action in this Court.

Because the action clearly is time-barred, the Court will refrain from addressing whether Mr. Kearns has exhausted his state court remedies. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d). It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this  19th  day of  May , 2010.

BY THE COURT:

Christine M Arguello

_____
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00608-BNB

Steven P. Kearns
Prisoner No. 129893
Comcor Inc. Transitions
3808 North Nevada Avenue
Colorado Springs, CO 80907

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 5/19/10

GREGORY C. LANGHAM, CLERK

By:_____
Deputy Clerk